**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**SABAL TRAIL TRANSMISSION, LLC,**

    **Plaintiff,**

v.                                                                                   **Case No: 5:16-cv-209-Oc-30PRL**

**1.81 ACRES OF LAND IN MARION
COUNTY FLORIDA, GERALD C.
BRISSON, CAPITAL CITY BANK and
UNKNOWN OWNERS**

    **Defendants.**

## ORDER

Before the Court is Plaintiff's motion for entry of clerk's default as to Defendant, Capital City Bank. (Doc. 35). The Court ordered Plaintiff to show cause why the motion for clerk's default should not be denied for failure to establish that service was effected on Capital City Bank, a Florida corporation. (Doc. 37). Plaintiff then filed an amended proof of service, in which it represents that it served Capital City Bank through its registered agent, Kimbrough Davis. (Doc. 38). Based on this new service, Plaintiff renews its motion for clerk's default. (Doc. 39).

Under Federal Rule of Civil Procedure Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Before a clerk's default can be entered, however, the serving party must establish that the defaulting party was properly served. *Laing v. Cordi, III*, No. 2:11cv-566-FtM- 29SPC, 2012 WL 4828312 at *1 (M.D. Fla. Oct. 10, 2012); *Manheim Automotive Fin., Servs., Inc. v. Information Matrix Tech., Inc.*, No. 2:12-cv-360-FtM-29-SPC, 2012 WL 3947207 at *1 (M.D. Fla. Sept. 10, 2012).

A corporation within a judicial district of the United States may be served by (1) delivering a copy of the summons and copy of the complaint to an agent authorized by appointment or (2) "the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A–B). An individual may be served by following the law of the state in which the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Finally, under Florida law, "process may be served on the agent designated by the corporation" and "[a] person attempting to serve process pursuant to this paragraph may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is temporarily absent from his or her office." Fla. Stat. § 48.081(3)(a).

Here, the amended proof of service states that an employee of the registered agent was served at the registered agent's office. (Doc. 38). Such service was valid. *See, e.g.*, *Kalb v. Sail Condo. Ass'n, Inc.*, 112 So. 3d 674, 675 (Fla. Dist. Ct. App. 2013) (finding that service was proper under Fla. Stat. § 48.081(3)(a) where the "process server served an employee of the [defendant's] registered agent at the office of the registered agent").

Accordingly, Plaintiff's motion (Doc. 35) is **GRANTED**. The Clerk is **DIRECTED** to enter default against Defendant Capital City Bank.

**DONE** and **ORDERED** in Ocala, Florida on August 3, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties